CHARLES RAMPINO *vs.* SUPERINTENDENT, OLD COLONY CORRECTIONAL CENTER.
September 20, 2004. *Practice, Criminal,* Sentence. *Habeas Corpus.*

Charles Rampino was given concurrent sentences for two crimes, only one of which is eligible for statutory good time credit, pursuant to G. L. c. 127, § 129 (which has since been repealed by St. 1993, c. 432, § 10, the so-called Truth in Sentencing Act). He filed a petition for a writ of habeas corpus under G. L. c. 248 in the county court, claiming that the two sentences should be considered together (aggregated), and that the Department of Correction (department) failed to apply statutory good time credits to reduce his total incarcerated time. If the credits were thus applied, Rampino argues, he would be entitled to immediate release. A single justice denied the petition, and this appeal followed.[1] We affirm.

Although Rampino was given concurrent sentences, the sentences remain distinct. As we stated in *Reynolds* v. *Superintendent, Old Colony Correctional Ctr.,* ante 1007, 1008 (2004), "separate sentences must be calculated independently. Whenever, as here, a sentence on a charge that does not qualify for good time is being served concurrently with a sentence on a separate charge that does qualify, it may turn out that good time is of no practical benefit to the petitioner. . . . [A]s it accrues, good time is applied to any eligible sentence being served — it is not held in reserve for application with the benefit of hindsight so as to obtain maximum over-all reduction in total incarcerated time." *Id.* at 1008-1009.

Because there is no dispute that Rampino has not completed service of the sentence for which statutory good time credits are not permitted, he is not entitled to immediate release. We therefore affirm the order denying the peti-

---

[1] The same or similar claims also were rejected by a judge in the Superior Court (after the ruling by the single justice of this court) on a petition for a writ of habeas corpus filed by Rampino before the county court matter was commenced. Rampino filed a notice of appeal from that decision, and we presume that his appeal will be (or at least could have been) prosecuted in due course.

tion for habeas corpus relief. *Pina* v. *Superintendent, Mass. Correctional Inst., Walpole*, 376 Mass. 659, 664-665 (1978).[2]

*Judgment affirmed.*

The case was submitted on briefs.

*Nancy Ankers White*, Special Assistant Attorney General, & *David Slade* for the defendant.

*Charles Rampino*, pro se.


---

[2] In view of our decision, it is unnecessary to address other arguments raised by the parties.